UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW DAVIS, ) | |
|     *Movant*, ) | |
| ) | |
| v. ) | Docket No. 08 – CR – 10166 – RGS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     *Respondent.* ) | |

**MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND**
***Johnson v. United States*, 135 S. Ct. 2551 (2015), AND MOTION TO STAY**

Movant Matthew Davis, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).  Mr. Davis previously filed a § 2255 motion, and accordingly, on May 17, 2016 he filed an application before the First Circuit for permission to file a second or successive § 2255 motion.  *See Matthew Davis v. United States*, No. 16-1569 (1st Cir.)].  The First Circuit has not ruled on Mr. Davis' application.  He, therefore, further moves this Court for an order staying these proceedings until the First Circuit rules, at which point the Court may set a schedule for the filing of substantive memoranda.  Thereafter, Mr. Davis will file a memorandum in support.

In *Johnson*, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the rule announced in *Johnson* is substantive and therefore retroactive to cases on collateral review.

On April 9, 2009, Mr. Davis pleaded guilty to Possession of a Cocaine Base with Intent to Distribute; Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On July 9, 2009, the district court sentenced Mr. Davis to a term of 84 months' imprisonment after finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. The district court found Mr. Davis to be a career offender after adopting the finding of the presentence report that his instant offense was a "controlled substance offense" and that he had at least two qualifying prior convictions that supported the career offender enhancement Mr. Davis was deemed a career offender on the basis of the following predicate convictions:

1. Assault and Battery [PSR ¶ 39]
2. Resisting Arrest  [PSR ¶ 36]

The residual clause of the career offender guideline, *see* U.S.S.G. § 4B1.2(a)(2), is identical to the ACCA residual clause struck in *Johnson*.[1]  It follows that the rule in *Johnson* applies to the career offender residual clause, and should be given retroactive effect.  *See In re Hubbard,* No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016); *Stork v. United States,* No. 15–2687, 2015 WL 5915990 (7th Cir. Aug. 13, 2015) (unpub.); *United States v. Ramirez*, No. 10-10008-WGY, 2016 WL 3014646 (D.Mass. May 24, 2016).

The issue remaining is whether Mr. Davis' prior convictions satisfy the career offender "force clause," *see* U.S.S.G. § 4B1.2(a)(1), or qualify as enumerated offenses.

---

[1] Indeed the U.S. Sentencing Commission amended the "crime of violence" definition at §4B1.2(a) in 1989 to adopt the ACCA's definition of "violent felony."  *See* USSG App. C, Amend. 268.

*See U.S.S.G.* § 4B1.2(a)(2).  A&B and Resisting Arrest are not crimes of violence post-*Johnson* because they satisfy neither the force nor the enumerated offenses clauses.

## CONCLUSION

Mr. Davis is not a career offender, and therefore, he moves this Court to vacate his sentence and resentence him accordingly.  He further moves this Court for an order staying these proceedings until the First Circuit has ruled on his application to file a second or successive § 2255 motion.  Thereafter, Mr. Davis will file a memorandum in support.

Respectfully Submitted,
MATTHEW DAVIS
By his attorney,

*/s/ Jessica P. Thrall*
Jessica P. Thrall
B.B.O. #670412
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617 – 223- 8061

## CERTIFICATE OF SERVICE

I, Jessica P. Thrall hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 22, 2016

*/s/ Jessica P. Thrall*
Jessica P. Thrall
